UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

LARRY JOHNSON,

    Plaintiff,

v.

CITY OF KENTWOOD, a municipality, MICHELLE KASUNIC, an individual, TIMOTHY FRIES, an individual, CARLA TETT, an individual, JAMES CONNELL, an individual, and JOHN DOE PROSECUTOR, an individual,

    Defendants.

Case No. 1:19-cv-834

HON. JANET T. NEFF
MAG. JUDGE SALLY J. BERENS

---

## **PROPOSED JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for **December 12, 2019 at 11:00 a.m.** before the Mag. Judge Sally J Berens. Appearing for the parties will be Larry Johnson (In Pro Per) for Plaintiff and Michael Bogren for Defendants.

1. **Jurisdiction**: The basis for the Court's jurisdiction is 28 U.S.C. § 1331 as a civil action arising under the Constitution and laws of the United States. There are no objections to jurisdiction.

2. **Jury or Non-Jury**: The case is to be tried before a jury.

3. **Judicial Availability**: The parties do not object to a Magistrate Judge presiding over this case.

4. **Statement of the Case:**

**Plaintiff**: Plaintiff Larry Johnson ("Plaintiff") claims that the defendants arrested and prosecuted Plaintiff in retaliation for exercising his First Amendment right to free speech on March 2, 2017 while he was at the Kentwood Police Department for

his quarterly Sex Offender Registry (SOR) compliance. Plaintiff alleges that after reviewing his SOR form, Plaintiff advised Defendant Timothy Fries of mistakes and inaccuracies on the form but Defendant Fries refused to correct them. Instead, Plaintiff claims that Defendant Fries informed Plaintiff that someone would be out to speak with him.

Defendant Sergeant James Connell came out to the lobby to discuss the matter with Plaintiff and Plaintiff advised Defendant Connell that "this fucker won't do his job", referring to Defendant Fries. Plaintiff alleges that Defendant Connell, in a threatening and intimidating manner, told Plaintiff "I'm not going to let you talk to my employees that way." Plaintiff then responded "Fuck you motherfucker." Plaintiff alleges that Defendant Connell responded that "I can arrest you for disorderly conduct." Plaintiff responded "Fuck you, no you can't, it's constitutionally protected speech." Following such, Plaintiff claims he signed the SOR form, was provided a copy, and was told by Defendant Connell he was "free to go." Plaintiff then informed Defendant Connell that if Plaintiff was "free to go" he was "free to stay." Plaintiff alleges Defendant Connell said that "he could go."

Upon returning home and reviewing the SOR form, Plaintiff claims he noticed Defendant Fries failed to note under the "Registration Fee" section of the SOR form that Plaintiff presented notice of indigent. Plaintiff, that same day, returned to the Kentwood Police Department and claims he informed Defendant Fries that the SOR report did not include the indigent form. Defendant Fries made a copy of the indigent form and said he would take care of it and make sure it was added to the

SOR registration form. Plaintiff alleges Defendant Fries never added the indigent information to the SOR report.

Plaintiff alleges that on March 2, 2017: (1) Defendant Kasunic filed a false verbal and/or written statement claiming that after Defendant Connell left the lobby Plaintiff had a conversation with the Kentwood Police Department Volunteer Mel Holloway; (2) Defendant Fries filed a false verbal and/or written statement claiming that Plaintiff would not give Defendant Fries his proof of indigence papers to verify and submit the first time Plaintiff was in the police department to register; (3) Defendant Tett filed a false verbal and/or written statement claiming that Plaintiff talked to Defendant Fries calling him a mother-fucker loser, stupid, and asshole and also falsely claimed that Plaintiff was asked by Defendant Connell not to use that type of language; (4) Defendant Connell, without probable cause, filed a criminal complaint with the City of Kentwood prosecutors office for Disorderly Conduct under City Ordinance Article 5, Division 1, Section 38-231 and for Trespass under City Ordinance Article 3, Division 1, Section 38-81; and (5) the City of Kentwood filed a false complaint, without probable cause, with the 62b district court seeking a warrant for Disturbing the Peace and Trespass and received a misdemeanor warrant for the arrest of Plaintiff.

Plaintiff states that he turned himself into the Kentwood Police Department on March 27, 2017. Plaintiff was arraigned for Disorderly Conduct Section 38-231 and Trespassing Section 38-81 on May 10, 2017 and Plaintiff alleges both charges were dismissed. Plaintiff alleges he was then charged with a Trespass under section 38-82 (Unauthorized presence in the city buildings). Plaintiff alleges he motioned

the court for an extension so that he could prepare for trial on the new charge and the court denied the motion. Plaintiff claims he plead guilty, under duress, to the new charge and accepted the plea and was fined $425.00.

Plaintiff subsequently filed the instant case and alleges the following claims against Defendants: (1) violation of the First Amendment, 42 U.S.C. §1983 Free Speech Violation; (2) violation of the First Amendment, 42 U.S.C. §1983 Retaliation; (3) violation of the Fourth Amendment, 42 U.S.C. §1983 Unlawful Seizure/Unlawful Arrest; (4) violation of the Fifth Amendment, 42 U.S.C. §1983 Due Process; and (5) violation of the Fifth Amendment, 42 U.S.C. §1983 Conspiracy.

**Defendant**: It is the Defendants' position that Plaintiff's claims must be dismissed on the basis of collateral estoppel; as Plaintiff's plea conclusively established probable cause. Moreover, Plaintiff was in nonpublic forum and therefore, any claim for free speech violation fails. Count IV is subject to dismissal as the Fifth Amendment Due Process Clause only applies to the federal government. Count V is subject to dismissal because it is barred by the intra-corporate conspiracy doctrine and Plaintiff has also failed to plead his conspiracy with sufficient specificity. Additionally, the claims against the City of Kentwood are insufficient as a matter of law to plead a prima facie case of municipal liability. Finally, at a minimum, the individual defendants are entitled to dismissal on the basis of qualified immunity as reasonable officials in their position could have believed their actions were lawful in light of clearly established law.

5.      **Prospects of Settlement**: The parties have not yet engaged in any settlement discussions. The prospects for settling the case are unknown at this point.

6. **Pendent State Claims**: This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and file all motions to amend the pleadings by January 8, 2020.

8. **Disclosures and Exchanges**:

(a) The parties propose initial disclosures under Rule 26(a)(1) be made by January 8, 2020.

(b) The plaintiff expects to be able to furnish the names of plaintiff's expert witnesses by February 3, 2020. The defendant expects to be able to furnish the names of defendant's expert witnesses by March 3, 2020.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports should be exchanged pursuant to the following schedule: From plaintiff to defendants by April 6, 2020. From defendants to plaintiff by May 11, 2020.

(d) The parties are unable to agree on voluntary production at this time.

9. **Discovery**: The parties believe that all discovery proceedings can be completed by September 1, 2020.

10. **Disclosure of Electronically Stored Information**: The parties do not believe there is a significant amount of electronically stored information subject to discovery. The parties will produce whatever electronically stored information there is in a readable external storage format such as a CD or thumb drive.

11. **Assertion of Claims of Privilege After Production**: The parties will use the procedures contained in Fed. R. Civ. P. 26(b)(5)(B).

12. **Motions:** The parties acknowledge that a pre-motion conference is required before filing any dispositive motions. The parties acknowledge Local Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed. The following dispositive motions are contemplated by each party:

> **Defendants:** The defendants contemplate filing an early motion for dismissal. The defendants also plan to file a motion for summary judgment after the close of discovery if the early motion is denied.

The parties anticipate that all dispositive motions will be filed by **October 5, 2020.**

13. **Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: Settlement Conference with Magistrate Judge.

14. **Length of Trial:** The parties estimate the trial will last approximately 3 days total, allocated as follows: 1.5 days for plaintiff's case, 1.5 days for defendants' case.

15. **Electronic Document Filing System:** Counsel for the defendants participates in the Court's CM/EMF system. The defendants' counsel understands that documents must be filed electronically but must also be served on the plaintiff in the traditional manner.

16. **Other:** None.

DATED: December 5, 2019          BY: _/s/ Larry Johnson_
                                 Larry Johnson (In Pro Per)

                                 PLUNKETT COONEY

Dated: December 9, 2019          _/s/Michael S. Bogren_
                                 Michael S. Bogren (P34835)
                                 Attorney for Defendants

Open.00560.94542.23220712-1