UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

LARRY JOHNSON,

    Plaintiff,

v.

CITY OF KENTWOOD, a municipality,
MICHELLE KASUNIC, an individual,
TIMOTHY FRIES, an individual,
CARLA TETT, an individual, JAMES
CONNELL, an individual, and JOHN
DOE PROSECUTOR, an individual,

    Defendants.

_____

Case No. 1:19-cv-834

HON.  JANET T. NEFF
MAG. JUDGE SALLY J. BERENS

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

**A.  Plaintiff Is Estopped From Contesting Probable Cause.**

The plaintiff's Response fails to address the most basic failing of his entire Complaint: his guilty plea estops him from contesting the existence of probable cause for his arrest. *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) ("". . . Plaintiffs are estopped by their pleas in state court from now challenging the reasonableness of their arrest in the instant § 1983 action.") Because probable cause has been definitively established all of his claims based on an alleged lack of probable cause fail as a matter of law.

**B.  Plaintiff's Fourth Amendment Claims Are Barred By Heck v. Humphrey.**

Pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), a plaintiff may not sue under § 1983 when the basis for the claim necessarily implies the invalidity of a previous state

1

criminal conviction. Plaintiff does not address this in his Response, but it is fatal to his Fourth Amendment Claim.

**C.    Plaintiff Was In A Non-Public Forum And His Arrest Did Not Violate The First Amendment.**

Plaintiff disputes that the lobby of the Kentwood Police Department was a non-public forum, but cites no case law to support his position and does not address any of the case law cited by the defendants. Most significantly, the plaintiff did not address the Sixth Circuit's holding in *Helms v. Zubaty*, 495 F.3d 252 (6th Cir. 2007). "The government may lawfully restrict speech in a nonpublic forum so long as the restrictions are viewpoint neutral and reasonable in light of the purpose served by the forum." *Id*. at 257. While the First Amendment does protect the use of profanity directed at police officers when part of opposition or challenge to police action, *Lewis v. City of New Orleans,* 415 U.S. 130 (1974), *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987), it does not prohibit the government from restricting the manner speech is delivered so long as the restriction is not based on content. "The principal inquiry in determining content neutrality, in speech cases generally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys. . . . " Government regulation of expressive activity is content neutral so long as it is '*justified* without reference to the content of the regulated speech.'" *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). "Restrictions on speech in limited or nonpublic fora, however, need only be 'reasonable in light of the purpose served by the forum and ... viewpoint neutral.'" *Brindley v. City of Memphis, Tennessee*, 934 F.3d 461, 467 (6th Cir. 2019). It is reasonable for the City to prohibit people from yelling and creating disturbances in the

lobby of its police department. Such conduct interferes with the purpose of the police department and the duties of those who work there. Seeking an arrest warrant for conduct that interfered with the business being conducted at the police department was reasonable. The First Amendment requires no more.

**D.     Plaintiff's Retaliation Claim Fails As Probable Cause Has Been Conclusively Established.**

Plaintiff seems to recast his First Amendment Retaliation claim in Count 2 as a due process claim. (ECF No. 31, Page ID 162, "Plaintiffs [sic] prosecution . . . was without probable cause and in violation of Plaintiffs [sic] due process right under the Constitution.") Under either theory the existence of probable cause defeats the claim as a matter of law. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019); *Daubenmire, supra*.

**E.     Count 5, Captioned "42 U.S.C. § 1983 – Fifth Amendment Due Process" Fails As A Matter Of Law.**

Count 5 is captioned as a Fifth Amendment Due Process claim. In the allegations the plaintiff makes numerous references to the constitutional right to travel. Ironically, in the Response plaintiff states the basis for the defendants' argument "is not entirely clear" (ECF No. 31, Page ID 163), and reiterates a due process claim for arrest without probable cause.

If, as captioned, this is a Fifth Amendment due process claim it fails as matter of law since the Fifth Amendment due process clause has no application to the states. *Bybee v. City of Paducah*, 46 F. App'x 735, 737 (6th Cir. 2002). If it is a right to travel claim, as alleged in the body of the Complaint, it also fails as matter of law. *Cole v. City of Memphis*, 839 F.3d 530, 535 (6th Cir. 2016). If this is actually a Fourth Amendment claim, as plaintiff seems to

argue in his Response, it is both duplicative of Count 3 and barred by the fact that probable cause has been conclusively established.

### F. The Conspiracy Claim Fails As A Matter Of Law.

Plaintiff does little more than reiterate his conclusory allegations that a conspiracy existed. Without repeating the argument from the Brief in Support, the plaintiff's allegation do not contain sufficient facts to survive. *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556 (6th Cir. 2011). Plaintiff also does not address the bar of the intra-corporate conspiracy doctrine. *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019).

### G. The Claims Against The Individual Defendants Are Barred By Qualified Immunity.

Plaintiff's only argument on the qualified immunity issue is that the "right to be free of search and seizure without probable cause is well established." (ECF No. 31, Page ID 164). This misses the mark for two basic reasons. First, probable cause has been conclusively established. *Daubenmire, supra*. Second, the plaintiff's argument ignores the Supreme Court's requirement that "a particularized review of the right at issue, as opposed to a review made at a 'high level of generality,' is necessary" in a qualified immunity analysis. *Baynes v. Cleland*, 799 F.3d 600, 617 (6th Cir. 2015). "This Court has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). (Internal quotation marks omitted). Speaking directly to plaintiff's contention that :the right to be free of search and seizure without probable cause is clearly established," the Supreme Court stated: "Where constitutional guidelines seem inapplicable or too remote, it does not suffice for a court simply to state that an officer may not use unreasonable and excessive

4

force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness." *Id*. at 1153. The plaintiff has failed to cite any case that would demonstrate that "any reasonable official in the defendant's shoes would have understood that he was violating [a clearly established right]." *Id*.

### H.  The Claim Against The City Of Kentwood Must Be Dismissed.

Plaintiff now seems to be arguing City of Kentwood Ordinance 38-232 in unconstitutional. That was never alleged in plaintiff's Complaint. Plaintiff alleged the City's policies caused a constitutional violation: "Defendants City of Kentwood's customs, policies and practices condoning its employees' retaliation was the moving force and proximate cause of the violation to Plaintiffs' constitutional rights." (ECF No. 1, Page ID 22, ¶ 132). Plaintiff never alleged the ordinance was unconstitutional. Plaintiff's prayer for relief requests the court to declare the City's **policies** unconstitutional. ("Declaratory judgment that City of Kentwood's policies are unconstitutional.") (ECF No. 1, Page ID 22). The plaintiff cannot change his claim in response to a Rule 12 motion.

However, plaintiff's claim would still fail because he pled guilty and there is no underlying constitutional violation. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

The plaintiff has failed to raise any plausible argument why the Motion for Judgment on the Pleadings should be denied.

### RELIEF REQUESTED

The defendants respectfully request the Motion for Judgment on the Pleadings brought under Fed. R. Civ. P. 12(c) be granted as the Complaint fails to state a claim upon which relief can be granted.

                                                              Respectfully submitted,

DATED: January 27, 2020                PLUNKETT COONEY

                                                              BY:  /s/Michael S. Bogren
                                                                      Michael S. Bogren (P34835)
                                                                      Attorney for Defendants

Open.00560.94542.23500940-1