UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

LARRY JOHNSON,

    Plaintiff,

v.

CITY OF KENTWOOD, a municipality,
MICHELLE KASUNIC, an individual,
TIMOTHY FRIES, an individual,
CARLA TETT, an individual, JAMES
CONNELL, an individual, and JOHN
DOE PROSECUTOR, an individual,

    Defendants.

Case No. 1:19-cv-834

HON. SALLY J. BERENS

_____

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

### STANDARD

W.D. Mich. LCivR 7.4(a) states that the movant in a Motion for Reconsideration shall "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from the correction thereof."

ARGUMENT

    **I. THE COURT'S RULING ON THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CONTAINED A PALPABLE DEFECT BY ANALYZING THE ESTOPPEL EFFECT OF THE PLAINTIFF'S CRIMINAL CONVICTION AS A NO CONTEST PLEA, EVEN THOUGH THE JUDGMENT OF CONVICTION DEMONSTRATES THE PLAINTIFF PLED GUILTY.**

The Court acknowledged in its Opinion and Order that the Judgment of Sentence in plaintiff's criminal case reflects that plaintiff pled guilty, although he alleged in his Complaint that he pled no contest. (ECF No. 36, Page ID 191 – 192). However, when the

1

Court addressed the defendants' argument that the criminal plea conclusively established probable cause, the Court based its decision solely on an analysis of a no contest plea. The defendants argued the plaintiff's plea estopped him from contesting the issue of probable cause and cited *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007), a case involving a guilty plea. However, the court addressed only the plaintiff's allegation that he pled no contest and did not address the fact, established by the Judgment of Conviction, that he pled guilty. This constitutes a palpable defect and correcting that defect will result in a different disposition of the case.

The Judgment of Conviction is determinative of the fact that plaintiff pled guilty. The plaintiff's allegation that he pled no contest is "blatantly contradicted" by the Judgment of Conviction. See, *Scott v. Harris*, 550 U.S. 372, 380 (2007). "If [plaintiff]'s pleadings internally contradict verifiable facts central to his claims, that makes his allegations implausible. *See Wall v. Mich. Rental*, 852 F.3d 492, 496 (6th Cir. 2017)." *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017). Since the Judgment of Conviction is properly considered by the Court in deciding a Rule 12 motion, *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–426 (6th Cir. 2018), the Court should have analyzed the estoppel issue based on the plaintiff's guilty plea. As Judge Neff has written:

> On a Rule 12(b)(6) motion, the Court is not bound to accept as true "unwarranted" allegations or factual inferences in the complaint, including **allegations "contradicted by public records** and other evidentiary materials of which the Court may take judicial notice." *McGee v. City of Cincinnati Police Dep't,* No. 1:06–CV–726, 2007 WL 1169374, at *2 (S.D.Ohio Apr.18, 2007); *see also Moon v. Harrison Piping Supply,* 465 F.3d 719, 728 (6th Cir.2006) (the court draws all *reasonable inferences* in favor of the nonmoving party (emphasis added)).

*Smith v. Bank of Am., N.A.*, No. 1:12-CV-296, 2015 WL 413954, at *4 (W.D. Mich. Jan. 30, 2015) (emphasis added).

Plaintiff's guilty plea conclusively established probable cause. The existence of probable cause is fatal to plaintiff's claims for First Amendment Retaliation, *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019), and an alleged arrest without probable cause contrary to the Fourth Amendment, *Daubenmire, supra*.

## II. THE COURT'S DENIAL OF THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON THE BASIS OF QUALIFIED IMMUNITY CONTAINED A PALPABLE DEFECT BY DEFINING 'CLEARLY ESTABLISHED LAW' AT A HIGH LEVEL OF GENERALITY.

The Court's denial of qualified immunity for both the First Amendment Retaliation claim and the Fourth Amendment claim defined "clearly established law" at an extremely high level of generality. "As of March 2, 2017, it was clearly established that an arrest or prosecution of an individual without probable cause based on that individual's exercise of his free speech rights violates the First Amendment. *See Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006)." (ECF No. 36, Page ID 203). "Moreover, '[t]here is no question that . . . the law was clearly established that, absent probable cause to believe that an offense had been committed, was being committed, or was about to be committed, officers may not arrest an individual.' *Gardenhire v. Schubert*, 205 F.3d 303, 313 (6th Cir. 2000) (internal quotation marks omitted)." (*Id*. at Page ID 203 – 204).

Respectfully, defining "clearly established law" for these claims at this level of generality is contrary to the Supreme Court's qualified immunity jurisprudence and constitutes a palpable defect. In *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 202 L. Ed.

2d 455 (2019), the Supreme Court reiterated the requirement that "clearly established law" must be defined with specificity:

> Under our cases, the clearly established right must be defined with specificity. "This Court has repeatedly told courts … not to define clearly established law at a high level of generality." *Kisela,* 584 U.S., at ––––, 138 S.Ct., at 1152 (internal quotation marks omitted). That is particularly important in excessive force cases, as we have explained:
>
>> "Specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus **police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue**….
>>
>> "[I]t does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness. An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id.*, at ––––, 138 S.Ct., at 1153 (quotation altered).

*Id.* at 503 (emphasis added). Similarly, "it does not suffice" for a court simply to state that an officer may not arrest without probable cause. In addressing qualified immunity in the context of probable cause the Supreme Court held:

> Probable cause "turn[s] on the assessment of probabilities in particular factual contexts" and cannot be "reduced to a neat set of legal rules." *Gates,* 462 U.S., at 232, 103 S.Ct. 2317. It is "incapable of precise definition or quantification into percentages." *Pringle,* 540 U.S., at 371, 124 S.Ct. 795. Given its imprecise nature, officers will often find it difficult to know how the general standard of probable cause applies in "the precise situation encountered." *Ziglar v. Abbasi,* 582 U.S. ––––, ––––, 137 S.Ct. 1843, 1866, 198 L.Ed.2d 290 (2017). Thus, **we have stressed the need to "identify a case where an officer acting under similar circumstances … was held to have**

4

> **violated the Fourth Amendment.**" *White v. Pauly,* 580 U.S. ––––, ––––, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017) (*per curiam* ); *e.g., Plumhoff, supra,* at 2023. While there does not have to be 'a case directly on point,' existing precedent must place the lawfulness of the particular arrest 'beyond debate.' *al–Kidd, supra,* at 741, 131 S.Ct. 2074. Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances. *Brosseau v. Haugen,* 543 U.S. 194, 199, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (*per curiam* ). But 'a body of relevant case law' is usually necessary to '"clearly establish' the answer"' with respect to probable cause. *Ibid.*

*D.C. v. Wesby*, 138 S. Ct. 577, 590, 199 L. Ed. 2d 453 (2018) (emphasis added). Moreover, the Sixth Circuit has stated it is the **plaintiff's** burden to present "caselaw with a fact pattern similar enough to have given 'fair and clear warning to officers' about what the law requires." *Hopper v. Plummer*, 887 F.3d 744, 755 (6th Cir. 2018).

Equally as important to consider is that the lack of probable cause itself does not defeat qualified immunity.

> "Even assuming the officers lacked actual probable cause to arrest the partygoers, the officers are entitled to qualified immunity because they 'reasonably but mistakenly conclude[d] that probable cause [wa]s present.' [*Anderson v. Creighton*, 483 U.S.] at 641. Tellingly, neither the panel majority nor the partygoers have identified a single precedent—much less a controlling case or robust consensus of cases—finding a Fourth Amendment violation 'under similar circumstances.' *Pauly, supra,* at 552. And it should go without saying that this is not an 'obvious case' where 'a body of relevant case law' is not needed. *Brosseau, supra,* at 199, 125 S.Ct. 596. The officers were thus entitled to qualified immunity.

*D.C. v. Wesby, supra*, 138 at 591. Here, the Court held that *Helms v. Zubaty*, 495 F.3d 252 (6th Cir. 2007), was distinguishable from the facts of this case. (ECF No. 36, Page ID 197). However, neither the plaintiff nor the Court identified a single precedent finding that an arrest lacked probable cause "under similar circumstances." While *Helms v. Zubaty, supra*,

5

might not be factually indistinguishable from this case, it hardly put the defendants on notice that seeking an arrest warrant for the plaintiff under these circumstances constituted a Fourth (or First) Amendment violation. In the absence of such precedent the defendants are entitled to qualified immunity. The Court's analysis of the qualified immunity issue constitutes a palpable defect and application of the proper standard would result in a different disposition.

**RELIEF REQUESTED**

The defendants respectfully request the Court grant the Motion for Reconsideration and grant the Motion for Judgment on the Pleadings in its entirety.

Respectfully submitted,

DATED:  May 7, 2020                    PLUNKETT COONEY


BY:   /s/Michael S. Bogren
         Michael S. Bogren (P34835)
         Attorney for Defendants


Open.00560.94542.24081488-1